IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERNEST GUTIERREZ,

    Petitioner,

v.                                                       Civ. 11-865 JCH/GBW

LUPE MARSHEL,
STATE OF NEW MEXICO,

    Respondents.

## ORDER TO SUBMIT AMENDED PETITION

THIS MATTER is before the Court on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See doc. 1*. As Respondents note in their Answer, and as the Court agrees, Petitioner does not assert a factual basis for any of the alleged grounds of his petition. *See doc. 10* at 3-4; *see also doc. 1*. A habeas petitioner is expected to state the facts that support his claim. Out of an abundance of caution, the Court will not immediately dismiss the petition and will instead order Petitioner to file an amended petition in compliance with the standard form for section 2254 petitions. *See* Form AO 241, Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Rev. 10/07).[1]

Where a petitioner proceeds *pro se*, the Court liberally construes his petition. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Despite that liberal construction, however, the Court will not serve as an advocate on behalf of the *pro se* litigant.

---

[1] The Court attaches the form as an exhibit herein.

*Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009); *see also McNeil*, 508 U.S. at 113 ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Although a *pro se* litigant will not be excused from compliance with the relevant rules of procedure, *see McNeil*, 508 U.S. at 113, the Court must ordinarily afford a petitioner a reasonable opportunity to cure a deficient filing, *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991).

Petitions under 28 U.S.C. § 2254 are required to follow certain rules specific to that type of petition. *See generally* Rules Governing Section 2254 Cases. Rule 2, which addresses the requirements of the petition itself, specifically states that the petition must "state the facts supporting each ground . . . ." R. Governing Section 2254 Cases 2(c)(2). In light of these rules, the Administrative Office of the Courts has prepared a form specifically intended for the filing of petitions under section 2254. *See* Form AO 241, Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Rev. 10/07).

Here, Petitioner has offered no factual support for granting his petition. Rather, the entirety of his petition – which is actually styled as a "Cover Letter" – contains blurbs about caselaw pertaining to various portions of the Federal Constitution. *See doc. 1*. As such, the only means through which the Court could possibly examine the petition would be by a *sua sponte* review of the miscellaneous attachments of prior filings and by sifting through the Record Proper. This, the Court will not do. As such,

Petitioner will be ordered to file an Amended Petition with this Court that complies with the aforementioned rules.  To aid Petitioner in this endeavor, the Court has attached a form AO 241 which, if properly completed, will comply with the rules.  Importantly, while exhibits may be attached to provide support for factual assertions in the Amended Petition, the factual basis for Petitioner's claims must be laid out in the Amended Petition.  Petitioner should understand that filing an insufficient Amended Petition may result in the dismissal of his case.

Wherefore, IT IS HEREBY ORDERED that Petitioner shall file an Amended Petition with this court not later than March 8, 2012.  Failure to timely file a proper Amended Petition may result in dismissal of this matter.

IT IS FURTHER ORDERED that Respondents shall file an Answer to the Amended Petition within thirty (30) days of its filing.  Therein, Respondents shall again assert their position as to exhaustion.

**IT IS SO ORDERED.**

_____
**GREGORY B. WORMUTH**
**UNITED STATES MAGISTRATE JUDGE**