IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERNEST GUTIERREZ,

    Petitioner,

v.                                            Civ. 11-865 JCH/GBW

LUPE MARSHEL, and STATE
OF NEW MEXICO,

    Respondents.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Petitioner's Amended Petition. *Doc. 23*. Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See generally id.; see also doc. 1*. Because Petitioner has not exhausted any of his alleged bases for relief, the Court is not authorized to grant his petition. Thus, I recommend that Petitioner's Amended Petition be dismissed without prejudice.

### *Background*

Petitioner filed a "Motion for Write [sic] of Habues [sic] Corpus" ("First Petition") with this Court on September 27, 2011. *Doc. 1*. Subsequently, the presiding judge in this matter, The Honorable Judith C. Herrera, referred this case to me for proposed findings and a recommended disposition. *Doc. 3*. Respondents filed an answer to the First Petition thereafter. *See doc. 10*.

Respondents asserted, and I found, that Petitioner offered no factual basis for any of his alleged grounds for relief within the First Petition. *Doc. 17* at 1. Noting that petitioner, and not this Court, must advocate on his behalf, I ordered Petitioner to file an Amended Petition. *Id.* at 1-3. In order to further assist in the amendment process, I included a blank copy of the standard form used for *pro se* habeas petitions under section 2254. *See id.* Ex. 1.

Petitioner filed his Amended Petition on April 25, 2012.[1] *Doc. 22*; *see also doc. 23*. Respondents filed an answer to the same ("Second Answer") on July 16, 2012. *Doc. 27*. Subsequent to the Second Answer, Petitioner has filed

## *Analysis*

A petitioner under 28 U.S.C. § 2254 must exhaust all available state avenues of review before a federal court may consider his claims on their merits. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears the applicant has exhausted the remedies available in the courts of the State . . . ."). Exhaustion may be excused if the Court finds that "there is an absence of State corrective process; or . . . circumstances exist that render such process ineffective . . . ." *Id.* § 2254(b)(1)(B). A claim is exhausted where the state courts are given "the

---

[1] As Respondents note in their Second Answer, there was initially some confusion due to Petitioner's Amended Petition being filed as though it was meant to initiate a new action instead of amending a prior action. *Doc. 27*, ¶¶ 1-4. Nonetheless, the Court will construe it as an Amended Petition.

opportunity to pass upon and correct alleged violations of [their] prisoners' federal rights . . . ." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curium) (internal quotations omitted); *see also Byrd v. Workman*, 645 U.S. 1159, 1164 n.7 (2011) (noting that a state's highest court must be presented with a claim before exhaustion occurs). A petitioner bears the burden of proving that he exhausted state court remedies or that exhaustion would have been futile. *See Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011).

Petitioner asserts four different grounds for relief; none of which were properly exhausted. *See generally doc. 27.*

In Ground One, he claims violations of the 1st, 5th, 6th, 7th, 8th, 9th, 11th, 13th and 14th Amendments to the United States Constitution. *Doc. 22* at 5. Petitioner contends that the State of New Mexico "has engaged in assault and battery, obstruction of justice, abuse of legal process, conspiracies, international [sic] infliction of mental anguish discrimination discriminatory practice denial of administration of justice movement and other provisions of the State of New Mexico and federally protected rights." *Id*. Petitioner admits that he did not raise this issue in his direct appeal. *Id*. at 6. He claims that he raised the issue in post-conviction proceedings through a "Request for Post-Conviction Credits." *Id*. He indicates that this request was filed in the Second Judicial District Court but provides no docket or case number. *Id*. He explains that he received no response or decision on the matter. *Id*. Respondents have provided the Court with Petitioner's request for credit which was filed in the Second Judicial District

3

Court on January 9, 2012.  *Doc. 27*, Ex. A.  This request was denied by the state court but it does not relate in any way to Petitioner's claims under Ground One.  *Id.*, Ex. B.  As such, it cannot serve to exhaust Petitioner's claim for relief under Ground One.[2]

In Ground Two, Petitioner lists "malicious prosecution, simulating legal process, perjury and false affirmation – securing signature to petition by unlawful means, method of prosecution conspiracy, violation of 5-604 rule, denial of discovery broken promise / or breach of contract leading witness conspiracy (CYFM), concealing wife's death / or murder as described repeatedly throught [sic] plaintiff claim with substantial evidence to support this claim as described in news article and death certificate, failures by state to justify spouse of death."  *Doc. 22* at 7.  Under "Supporting Facts," Petitioner explains that the prosecutor used these means to prosecute Petitioner despite knowing he was innocent.  *Id*.  Petitioner admits he did not raise this issue on direct appeal.  *Id*.  Petitioner checked "yes" when asked if he raised this issue through a post-conviction motion or petition for habeas corpus in state court.  *Id*.  However, when asked the type of motion, he wrote "N/A."  *Id*.  He gave the same answer when asked the name and location of the court where the motion or petition was filed.  *Id*.  To the questions of

---

[2] Though Petitioner does not reference it, Respondent has also provided a separate state petition filed by Petitioner on May 4, 2012.  *Doc. 27*, Ex. C.  This petition was also denied by the state trial court.  *Id.*, Ex. D.  This petition seeks a hearing regarding the state's sex offender registration requirements and thus does not "fairly present" to the state court any of the issues raised in his federal petition.  *Id.*; *see Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006).  In passing, the petition does mention some of the myriad complaints Petitioner raises before this Court.  Even assuming that such constituted "fair presentation" to the state court, Petitioner still could not establish exhaustion because he did not appeal the denial of the petition.  *Doc. 27* at 4; *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

4

"Docket or case number," "Date of the court's decision," and "Result," Petitioner answered "None" for all. Moreover, he concedes that he did not appeal from the denial of the motion or petition. *Id*. Clearly, Petitioner has not borne his burden to establish that he exhausted any of the claims described under Ground Two.[3]

In Ground Three, "Plaintiff state a repeated claim of 'conflict of interest' along with bias [sic] arbitrary and irrational treatment discriminated against because of his custodial status as falsely portrayed by the state. Plaintiff believes there have been extremely high levels of interference by all three (3) judges of which created a pervasive climate of partiality and unfairness …." *Id*. at 8. Similar to his response under Ground One, Petitioner admits that he did not raise this issue in his direct appeal. *Id*. He claims that he raised the issue in post-conviction proceedings through a "Request for Post-Conviction [sic]." *Id*. He indicates that this request was filed in the Second Judicial District Court but provides no docket or case number. *Id*. He explains that he received no response or decision on the matter. *Id*. Respondents have provided the Court with Petitioner's request for credit which was filed in the Second Judicial District Court on January 9, 2012. *Doc. 27*, Ex. A. This request was denied by the state court but it does

---

[3] The Court also reviewed Petitioner's request for credit which was filed in the Second Judicial District Court on January 9, 2012. *Doc. 27*, Ex. A. This request was denied by the state court but it does not relate in any way to Petitioner's claims under Ground Two. *Id*., Ex. B. The Court has also reviewed the second state petition and it does not establish exhaustion of this claim. *See supra* note 2.

5

not relate in any way to Petitioner's claims under Ground Three. *Id.*, Ex. B. As such, it cannot serve to exhaust Petitioner's claim for relief under Ground Three.[4]

In Ground Four, Petitioner claims that his guilty plea was coerced and involuntary as a result of his attorney's misrepresentations regarding sentencing and clemency. *Doc. 22* at 10. Petitioner further contends that the state district judge failed to comply with the applicable rules and that his attorneys were ineffective. *Id*. Similar to his response under Ground One, Petitioner admits that he did not raise this issue in his direct appeal. *Id.*. He claims that he raised the issue in post-conviction proceedings through a "Request for Post-Conviction [sic]." *Id*. He indicates that this request was filed in the Second Judicial District Court but provides no docket or case number. *Id*. He explains that he received no response or decision on the matter. *Id*. Respondents have provided the Court with Petitioner's request for credit which was filed in the Second Judicial District Court on January 9, 2012. *Doc. 27*, Ex. A. This request was denied by the state court but it does not relate in any way to Petitioner's claims under Ground Four. *Id.*, Ex. B. As such, it cannot serve to exhaust Petitioner's claim for relief under Ground Four.[5]

---

[4] The Court has also reviewed the second state petition and it does not establish exhaustion of this claim. *See supra* note 2.
[5] The Court has also reviewed the second state petition and it does not establish exhaustion of this claim. *See supra* note 2.

6

Thus, Petitioner has not met his burden of establishing exhaustion as to any of his claims. Moreover, he has not met his burden of establishing that exhaustion is futile.[6] Therefore, I recommend dismissal of his Amended Petition without prejudice.[7]

*Conclusion*

Wherefore, IT IS HEREBY RECOMMENDED THAT Petitioner's Amended Petition, (*doc. 23*) be DISMISSED WITHOUT PREJUDICE.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[6] Under each Ground, when asked to explain why he did not exhaust his state remedies, Petitioner answers that "[d]ue to ineffective assistance of counsels [sic] refusal to includ [sic] them instead by misinterpreting and misleading with the wrong issues. And refusing to corret [sic] and amend oreginal [sic] issues Plaintiff requested to show in first place." *See, e.g., id*. at 6 (internal quotation omitted). This explanation, even if it did establish futility, applies only to his direct appeal where he was represented by counsel. He offers nothing to establish the futility of a state habeas action on his claims.

[7] For clarity, I note additional filings made by Petitioner. Subsequent to the Second Answer, Petitioner submitted three additional filings. *See docs. 28, 30, 31*. The first filing is titled a "Motion for Reply…." *Doc. 28*. In this filing, Petitioner lodges numerous complaints but still does not establish exhaustion or the futility of exhaustion as it relates to his habeas petition. *Id*. For example, he contends that his administrative grievances were not properly handled. *Id*. at **3**. Of course, while such a complaint may be relevant to the exhaustion requirement for a civil rights lawsuit under section 1983, it does not address the failure to exhaust his habeas claims in state court. The second miscellaneous filing, Petition for Addendum (*doc. 30*), responds to the clerk's Notice of Deficiency (*doc. 29*) which explains that the Court does not accept faxed filings. The Petition for Addendum is moot because I have considered Petitioner's Reply despite the fact that it was faxed. Moreover, Petitioner re-filed his Reply at *doc. 31*.