IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERNEST GUTIERREZ,

     Petitioner,

     v.                                  CIV 11-865 JCH/GBW

LUPE MARSHEL, Warden,
THE STATE OF NEW MEXICO

     Respondents.

## ORDER OVERRULING IN PART AND GRANTING IN PART PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on review of the Magistrate Judge's Proposed Findings and Recommended Dispositions ("PFRD"), (*doc. 32*), and Petitioner's objections to it, (*doc. 33*).  As required, the Court has conducted a *de novo* review of those portions of the PFRD to which Petitioner objected.  *See Garcia v. City of Albuquerque*, 232 F.3d 760, 766-67 (10th Cir. 2000).  For the reasons given below, the Court agrees with the reasoning of the Magistrate Judge, overrules Petitioner's Objections except as they relate to the exhaustion of remedies as to Ground Four of the Petition, adopts the Proposed Findings and Recommended Disposition and dismisses the Petition without prejudice.

## Background and Procedural History

Petitioner's state criminal proceedings began in four separate state criminal cases[1] that were consolidated for plea purposes on September 24, 2007.  *Record Proper* (*R.P.*) at 256.  On that date, Petitioner entered a plea of no contest pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), to three counts of criminal sexual contact with a minor in the third degree, for which he received a partially suspended sentence and commitment to the Metropolitan Detention Center.  *Id*. at 257.  It is unclear whether Petitioner appealed his conviction or sought state habeas relief with respect to his plea.  *See id*. at 264 (*pro se* notice of appeal filed on October 29, 2007); *but see id*. at 267 (treating filing as habeas petition and denying summarily).  In any event,[2] Petitioner was released on probation on September 22, 2008.  *Id*. at 280.

Petitioner was arrested on February 2, 2009, for driving without a license.  *Id*. at 283.  Based upon this alleged crime and other claimed violations, a Report of Probation Violation was filed.  *Id*. at 290.  On February 4, the Court ordered that Petitioner be held without bond, *id*. at 293, and, on February 23, Keren Fenderson, a New Mexico Public Defender, was appointed as counsel, *id*. at 296.

---

[1] Second Judicial District Court of Bernalillo County Case Nos. CR-2004-05139, CR-2006-02675, CR-2006-03380 and CR-2006-03825.  CR-2004-05139 went to trial and resulted in a hung jury on June 4, 2007.  *R.P.* at 239.

[2] This detail is irrelevant to the instant matter because any issues from Petitioner's underlying conviction are long past the one-year limitation period and Petitioner does not sufficiently allege any special circumstance which would extend the time period.  *See* 28 U.S.C. § 2244(d)(1)

The hearing on Petitioner's probation violation was twice delayed without objection from Petitioner's counsel,[3] and ultimately held on July 9, 2009.  *See id*. at 295 (setting hearing for March 18); *id*. at 299 (rescheduling hearing for April 15); *id*. at 308 (rescheduling hearing for July 9).

On June 26, 2009, before the probation hearing was held, Petitioner filed a state habeas petition alleging ineffective assistance of counsel on the part of Ms. Fenderson. He claimed that she entered into the agreement to extend the hearing deadline without his permission, thereby "allowing the State to go on a fishing expedition for five months to make a case against him." *Id*. at 309-11.  At the July 9 probation violation hearing, the court denied the petition, found Petitioner guilty of violating his probation, and revoked his probation.  *Id*. at 313, 315- 16.

On January 7, 2010, Petitioner, without the aid of counsel, sought a writ of certiorari.  *Id*. at 323.  It is unclear to whom Petitioner wished to direct this request.  The top line of the caption indicated that it was directed at the Supreme Court of New Mexico.  *Id*.  However, the remainder of the caption and the addressing indicated that he wished to file it with the Second Judicial District Court.  *Id*. at 323-25.  While it was received by the Second Judicial District Court,[4] there is no evidence in the Record Proper that the Supreme Court of New Mexico ever received or filed the request.

---

[3] Prior to the hearing, Petitioner's counsel was seeking additional discovery and engaging in plea negotiations.  *See R.P.* at 300, 305, 307.

[4] While the envelope in which the request was mailed provided the street address of the United States District Court for the District of New Mexico, the filing stamp indicates that the request was eventually received by the Second Judicial District Court.  *R.P.* at 323, 326.

In this filing, Petitioner complained that he was "depriv[ed] of evidence" and prejudiced by "pre-trial delay" and "the [State's] late disclosure of [material] witnesses and documents" for his probation revocation hearing. *Id*. at 323. He also claimed "ineffective assistance of counsel" by Ms. Fenderson, "misconduct" on the part of the Honorable Robert Schwartz, the presiding judge in the probation violation hearing, and breach of the September 24, 2007, plea agreement. *Id.* at 324-25. Based on these allegations, Petitioner claimed violations of his 1st, 4th, 5th, 6th, 7th, 8th, 9th, 11th, 13th, and 14th Amendment rights. *Id.* at 325.

The next day, on January 8, 2010, Petitioner appealed his probation revocation to the New Mexico Court of Appeals, alleging "insufficient evidence to find that Mr. Gutierrez violated his probation."[5] *Id.* at 327-31. On April 28th, Petitioner's appellate counsel, K. Erich Martell, moved to amend the appeal to add a claim of ineffective assistance of counsel on the part of Ms. Fenderson. *Id.* at 388-92. On August 26, 2010, the New Mexico Court of Appeals granted the motion to amend, but ruled that Petitioner had not made a sufficient factual showing to justify a claim either of ineffective assistance of counsel or insufficient evidence on which to base a probation violation finding. *Id.* at 347-53.

Petitioner then sought a writ of certiorari from the Supreme Court of New Mexico on September 8, 2010, on both claims. *Id.* at 429-30. He filed a further "Motion for Pro Se Supplemental Brief" on September 13, 2010, complaining of ineffective

---

[5] Court of Appeals of the State of New Mexico Case No. 30,180.

assistance on the part of appellate counsel K. Erich Martell.  *Id.* at 440-42.  The Supreme

Court denied certiorari on October 7, 2010.  *Id.* at 438.

Nearly one year later, on September 27, 2011, Petitioner filed the instant petition

for writ of habeas corpus under 28 U.S.C. § 2254.  *Doc. 1.*  He filed an Amended Petition

on April 11, 2012., *doc. 22*, followed by a Second Amended Petition on April 25, 2012.

*Doc. 23.*  Respondents filed their Answer on July 16, 2012.  *Doc. 27.*  On August 8, 2012,

Petitioner filed a Petition for Addendum and Reply to Respondent's Answer.  *Docs. 30,*

*31.*  The Magistrate Judge filed his Proposed Findings and Recommended Disposition

("PFRD") on August 14, 2012, recommending dismissal of the Petition for failure to

exhaust state remedies.  *Doc. 32.*  Petitioner filed his Objections to the PFRD on August

29, 2012.  *Doc. 33.*

## Standard of Review

Because Plaintiff proceeds *pro se*, the Court construes his objections to the PFRD

liberally.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  General or conclusory

objections, however, are insufficient -- objections to the proposed findings and

dispositions of a Magistrate Judge must be made with specificity.  *See United States v.*

*2121 E. 30th St.*, 73 F.3d 1057, 1060-61 (10th Cir. 1996).  The Court will "make a *de novo*

determination of those portions of the report or specified proposed findings or

recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  "Issues raised for

the first time in objections to the magistrate judge's recommendation are deemed

waived."  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

**Petitioner's Objections**

Petitioner has identified five objections.

1)      Petitioner has grounds for relief under Federal Rule of Civil Procedure 60(b).

        *Doc. 33* at 1.

2)      The Court's requirement of exhaustion is a purely "technical ground" and

        should not result in the dismissal of the Petition.  *Id.* at 1, 4.

3)      Petitioner has asserted a free standing claim of innocence and therefore should

        be excused from exhaustion.  *Id.* at 2.

4)      Petitioner is not required to show exhaustion because pursuing exhaustion

        would have been futile.  *Id.* at 2, 6.

5)      Petitioner did, in fact, exhaust state remedies.  *Id.* at 2.

**Analysis**

### I.      Federal Rule of Civil Procedure 60(b) is Inapplicable

        Federal Rule of Civil Procedure 60(b) provides relief from final judgments,

orders, or proceedings on the basis of, among other grounds, mistake, inadvertence,

surprise, excusable neglect, and fraud.  PFRDs are not final judgments but rather

recommendations to a district judge, which the district judge may then "accept, reject,

or modify[.]"  Fed. R. Civ. P. 72(b)(1)-(3).  Because Rule 60(b) only provides relief from

final judgments, it cannot be a basis for an objection to a PFRD.  Petitioner's Objection

on this ground is therefore overruled.

II.   **Petitioner is not Excused from the Exhaustion Requirement**

a.   **Exhaustion is Not a Waivable "Technical Requirement"**

As the Magistrate Judge explained in the PFRD, a petitioner seeking a writ of habeas corpus under 28 U.S.C. § 2254 must exhaust all available state remedies before bringing a petition in federal court.  *Doc. 32* at 2; *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner **must** exhaust his remedies in state court.") (emphasis added.)

Petitioner objects to the PFRD insofar as it cites the exhaustion of state remedies as a prerequisite to bringing a federal habeas action.  Petitioner argues that exhaustion is a "technical requirement" and that it is unfair of the Court to hold him to this requirement in light of 1) his difficulty navigating the legal system as a layman, 2) his inability to access the court as a result of being subject to the State of New Mexico's "corrective process," and 3) his lack of access to legal assistance and legal materials while imprisoned.  *Doc. 33* at 1.

None of these difficulties constitutes an exception to the exhaustion requirement. *See* 28 U.S.C. § 2254(b)(1)(B) (waiving exhaustion requirement only when Petitioner demonstrates an "absence of available State corrective process" or circumstances that render state process "ineffective to protect the rights of the applicant").  Because exhaustion of state remedies is a necessary precursor to a federal habeas claim under 28 U.S.C. § 2254, Petitioner's Objection on this ground is overruled.

### b. Petitioner is not Excused from Exhaustion Based on His Claim of Actual Innocence

Petitioner appears to argue that he is excused from the exhaustion requirement because he  asserts a claim of actual innocence: "[p]etitioner objects to the Courts expectations to Petitioners not having exhausted all available 'because' when an assumption asserting a freestanding claim of innocence. . . ."  *Doc. 33* at 2 (original wording).  In support of this contention he cites *Montoya v. Ulibarri*, 142 N.M. 89, 163 P.3d 476 (2007), a case which is inapplicable here as it addresses claims of actual innocence brought under the New Mexico Constitution rather than 28 U.S.C. § 2254.

A claim of actual innocence can, in limited circumstances, excuse exhaustion.  In a case such as this, where a petitioner brings both an actual innocence claim and a claim alleging a constitutional violation in the underlying state proceeding, exhaustion is excused "if a petitioner . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error."  *Schlup v. Delo*, 513 U.S. 298, 316 (1995). "This exception, however, is a markedly narrow one, implicated only in 'extraordinary case[s] where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'"  *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007).  A mere assertion of innocence is insufficient: petitioner must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner is challenging his revocation of probation.  That conviction was premised on Petitioner's conviction[6] for driving without a license, a clear violation of his Order of Probation.  *See R.P.* at 289; Transcript of July 9, 2009 proceedings before the Second Judicial District Court (TR) at 13.  Petitioner has presented no new evidence indicating that he is innocent of that offense or that the state court erred in finding him guilty.  Petitioner's actual innocence Objection is therefore overruled.

## III.     Exhaustion was not Futile

Petitioner argues that exhaustion would have been futile because "on more than several occasions Petitioner did attempt to alert the courts with briefs, petitions, letters " and even contacted the "Judicial Standards Commission," the "Disciplinary Board," and the "Public Defenders Dept."  Since those bodies failed to listen to him, he seems to argue, any attempts to raise his claims in state court would have been futile.  *Doc. 33* at 2.

While the Tenth Circuit has recognized a futility exception to the requirement of exhaustion, it is narrowly defined and Petitioner's arguments do not fall within it.  The exception applies only where the precise legal issue raised by the petitioner has been recently decided at the state court level and the disposition is adverse to the petitioner.  *See Goodwin v. Oklahoma*, 923 F.2d 156, 157-158 (10th Cir. 1991), *cert. denied*, 399 U.S. 916 (1970) (citing *Alverez v. Turner*, 422 F.2d 214, 216 at n.3 (10th Cir. 1970)).  In such a case,

---

[6] In his state appeal, he argued that he pled no contest rather than guilty to the offense.  *R.P.* at 350-56. While such a distinction might have had state law consequences, it is a far cry from the extraordinary case of actual innocence envisioned by the *Schlup* decision.

exhaustion is unnecessary because "resort to state judicial remedies would be futile."

*Id.* at 157.  This exception is interpreted narrowly: a petitioner's claims must be

"factually [and] otherwise [in]distinguishable in any meaningful way" from the prior

case.  *Id*. at 158.  Petitioner has not identified such a case and this Court is unaware of

one.  Therefore, this Objection is also overruled.

**IV.    Petitioner Has Not Exhausted His State Remedies**

The Court construes Petitioner's statement describing Petitioner's prior attempts

to raise the issues of which he complains in his federal habeas petition in state court

(*doc. 33* at 2) as an objection to the Magistrate Judge's conclusion that Petitioner has

failed to exhaust the available state remedies.

**a.  Overview of Relevant Law**

A petitioner's claims must be "fairly present[ed]" to all applicable state courts before

the claims can be deemed exhausted and  brought before a federal court.  *Demarest v.*

*Price*, 130 F.3d 922, 932 (10th Cir. 1997).  "Fair presentation" requires that the substance

of petitioner's claim, both the allegations and supporting evidence, be presented to the

state courts such that the state courts have a "fair opportunity" to rule on those claims.

*Id.*  In fact, both the same legal and factual basis of the claim must be brought to the

state's attention to satisfy "fair presentation."  *See Hawkins v. Mullin*, 291 F.3d 658, 673-

74 (10th Cir. 2002).  Finally, the claim must be properly presented to the highest state

court to satisfy the exhaustion requirement.  *See Dever v. Kansas State Penitentiary*, 36

F.3d 1531, 1534 (10th Cir. 1994); *see also O'Sullivan v. Boerkel*, 526 U.S. 838, 845 (1999)

(federal courts may not grant habeas unless the prisoner has "[g]iven the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). As the Magistrate Judge noted in his PFRD, the Petitioner bears the burden of proving that he has exhausted state remedies. *Doc. 32* at 3; *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011).

### b. Review of Filings to Determine which Claims Have Been Exhausted

Given the various petitions and appeals filed by Petitioner, the Court must determine which filings contain claims which were fully exhausted. As an initial matter, Petitioner never pursued a direct appeal of his underlying conviction or sentence. Therefore, no issues relating to the underlying conviction or sentence have been exhausted.

Petitioner's first relevant filing is the state habeas petition he filed on June 26, 2009, during the pendency of his probation revocation proceedings. In that petition, *inter alia*, he alleged ineffective assistance of counsel on the part of his probation revocation attorney, Ms. Fenderson. Specifically, he claimed that she entered into the agreement to extend the hearing deadline without his permission, thereby "allowing the State to go on a fishing expedition for five months to make a case against him." *R.P.* at 309-11. That petition was denied at his probation revocation hearing. *Id*. at 313-16. Although Petitioner appealed his probation revocation hearing, he did not appeal the denial of his petition. Moreover, the appeal of his probation revocation did not include this ineffective assistance ground. As such, none of the claims in the June 26 habeas

petition are exhausted.

Petitioner's next relevant filing is the request for writ of certiorari filed *pro se* by
Petitioner on January 7, 2010.  It is unclear whether this request was designed to appeal
the denial of the June 26 petition or to appeal the probation revocation.  In either event,
the request was defective.  If designed to appeal the denial of the petition, the request
for a writ of certiorari must be filed with the New Mexico Supreme Court clerk.  *See*
N.M.R.A., Rule 12-501.  If designed to appeal the probation revocation, the filing was
void because Petitioner was represented by an attorney on that matter.  *See* N.M.R.A.,
Rule 5-103E.  No matter how the filing is construed, it failed to properly appeal the
issues contained therein and, thus, those issues cannot be considered in the exhaustion
analysis.

Petitioner's third relevant filing is the direct appeal of his probation revocation
which was filed on January 8, 2010.  *Id.* at 327-31.  After the motion to amend was
granted, the appeal included a claim that there was insufficient evidence to support the
revocation and a claim of ineffective assistance of counsel on the part of Ms. Fenderson.
*Id.* at 388-92.  The grounds for the ineffective assistance claim were as follows: (1)
counsel failed "to inform [Petitioner] of the prosecution witnesses who were to appear
at his sentencing;" (2) counsel "did not assist him in securing enough time to explain his
situation after the allegations of the sentencing witnesses;" (3) "counsel failed to
challenge whether [the driving without a license] plea was undertaken after he was
warned as to the consequences the plea might have on his probation status;" and (4)

counsel failed to assert the argument that a "no contest" plea cannot support a probation violation. *Id*. at 391. No other ineffective assistance grounds were presented in the appeal. On August 26, 2010, the New Mexico Court of Appeals denied the claims based on insufficiency of evidence or ineffective assistance of counsel. *Id.* at 347-53. More specifically with respect to the ineffective assistance claims, the Court of Appeals denied the first two claims but concluded that the record was insufficient to fully address the claims related to the "no contest" plea. Consequently, the Court "encourage[d] Defendant to pursue this claim in habeas corpus proceedings." *Id*. at 352. Petitioner did seek a writ of certiorari from the Supreme Court of New Mexico on September 8, 2010, on the issues raised in his appeal, but such was denied. *Id.* at 429-30, 438. Therefore, the issues raised in Petitioner's appeal were fully exhausted.

After Petitioner's appellate counsel sought a writ of certiorari from the New Mexico Supreme Court, but before it was denied, Petitioner filed *pro se* with the Supreme Court a motion to supplement his request for certiorari with additional allegations including a claim of ineffective assistance on the part of appellate counsel, K. Erich Martell. *Id.* at 440-42. Beyond the request for the Court to appoint yet another attorney, this motion was void because Petitioner was represented by an attorney on that matter. *See* N.M.R.A., Rule 5-103E. Moreover, any allegations added at that point in the proceedings would not have been through a full round of review by the state courts because they would have skipped the district court and the court of appeals. For both these reasons, the allegations contained in the motion to supplement cannot be

considered in the exhaustion analysis.

Despite the encouragement of the New Mexico Supreme Court, Petitioner filed no other habeas petitions in state court. Consequently, only those claims made in Petitioner's direct appeal from the probation revocation hearing are exhausted.

### c. Comparison of Claims in Petition to Exhausted Claims

In Ground One of his Amended Petition for writ of habeas corpus (*doc. 22* at 5), Petitioner asserts a variety of constitutional claims against the State of New Mexico. None of these claims appear in his direct appeal. While Petitioner did raise claims against the State in relation to the deprivation of evidence and denial of his right to a speedy trial in his January 7 *pro se* request for writ of certiorari, as explained above, the claims in that request were not properly and fully exhausted before the state court. *R.P.* at 323-25.

In Ground Two of the Amended Petition (*doc. 22* at 7), Petitioner asserts malicious prosecution and other related complaints. None of these claims appear in his direct appeal. Some of these claims pertaining to the conduct of the prosecutor appear in a petition for writ of habeas corpus in CR-2004-05139 in the Second Judicial District of Bernalillo County on September 14, 2007. *R.P.* at 240. The petition was denied on December 13, 2007. *Id*. at 267. Because the denial was not appealed, these claims were not properly exhausted. Similar claims also appear in his January 7 *pro se* request for writ of certiorari, but again the claims in that request were not properly and fully exhausted before the state court. *R.P.* at 25.

14

In Ground Three of the Amended Petition (*doc. 22* at 8), Petitioner asserts "judicial misconduct" and "conflict of interest" in relation to "all three" judges (presumably at the state court level). None of these claims appear in his direct appeal. Claims against the Honorable Judge Schwartz do appear in Petitioner's January 7 *pro se* request for writ of certiorari, but as explained above, the claims in that request were not properly and fully exhausted before the state court. *R.P.* at 323-25.

In Ground Four of the Amended Petition Petitioner asserts ineffective assistance of counsel as to several attorneys: Augustin Rodriguez,[7] David Longley,[8] K. Erich Martell, and Keren Fenderson. *Doc. 22* at 10. The Court's review of the Record Proper shows that only two of these attorneys, Ms. Fenderson and Mr. Martell, are named in any of Petitioner's state pleadings. As such the claims against Mr. Rodriguez and Mr. Longley are clearly unexhausted. With respect to Mr. Martell, the only claims against him appear in Petitioner's motion to supplement his appeal before the New Mexico Supreme Court. As explained above, those claims are clearly not exhausted.

With respect to claims against Ms. Fenderson, certain claims of ineffective assistance of counsel were presented in Petitioner's direct appeal. However, when one reviews the claims made in the Petition, they are not the same claims. In the Petition, the only assertion of ineffectiveness on the part of Ms. Fenderson is that (1) reliable defence [sic] discovery of evidence would have changed the outcome of the …

---

[7] Mr. Rodriguez served as Petitioner's attorney until January 23, 2006. *R.P.* at 64.
[8] Mr. Longley served as Petitioner's attorney through appointment from the New Mexico Public Defenders Office beginning May 15, 2006. It is not clear from the Record Proper when Mr. Longley ceased to be Petitioner's attorney.

revocation trial with Counsel Fenderson;" and (2) that all the public defenders

including Ms. Fenderson had a conflict of interest which should have prevented her

from representing him.  *Doc. 22*. at 10.  Neither of these claims was made in Petitioner's

direct appeal.  *See supra* pp. 12-13 (listing ineffectiveness claims made in direct appeal).

Because both the same legal and factual basis of the claim must be brought to the state's

attention to satisfy "fair presentation," Petitioner has failed to exhaust any of the

ineffectiveness claims he brings against Ms. Fenderson in his Petition.

Petition has failed to meet his burden of proving that he has exhausted his state

remedies.  Therefore, his objection on this issue is overruled.

### V.    A Stay Is Inappropriate

On October 22, 2012, Petitioner filed a motion for stay and abeyance so that he

could properly exhaust his available state remedies.  *Doc. 37*.  As the Supreme Court

explained in *Rhines v. Weber*, 544 U.S. 269, 269 (2005), a district court has discretion to

stay a mixed petition in order to allow a petitioner to exhaust all unexhausted

claims.  Here, the petition is not mixed, but is comprised only of unexhausted

claims.  A stay is therefore inappropriate and Petitioner's motion is denied.

### Conclusion

The Magistrate Judge correctly concluded that none of the claims in the Petition

have been properly exhausted.  Petitioner has not established that he falls within any

exception which would excuse this failure.  Petitioner's other objections are also

without merit.  Wherefore**, IT IS HEREBY ORDERED** that:

(1)  Petitioner's objections are OVERRULED;

(2)  The Magistrate Judge's Proposed Findings and Recommended Disposition is

ADOPTED;

(3) The Petition for habeas corpus is DISMISSED without prejudice;

(4) The Motion to Stay in Abeyance is DENIED.

(5) a Certificate of Appealability is DENIED.

_____
THE HONORABLE JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE